UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN WERSTEIN, 699474,

    Petitioner,                                             Civil Action No. 11-CV-11364

vs.                                                              HON. BERNARD A. FRIEDMAN

LLOYD RAPELJE,

    Respondent.
_____/

## OPINION AND ORDER DENYING PETITIONER'S APPLICATION FOR A WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

This matter is before the Court on petitioner's application for a writ of habeas corpus, in which he challenges his convictions for two counts of first-degree criminal sexual conduct and one count of second-degree criminal sexual conduct. Petitioner raises the following claims: trial and appellate counsel rendered ineffective assistance, incorrect jury instruction on second-degree criminal sexual conduct, trial court abused its discretion in denying request for instruction of assault with intent to commit first-degree criminal sexual conduct, the prosecutor engaged in misconduct, and petitioner's convictions violated the Double Jeopardy Clause. Respondent has filed an answer arguing that four of petitioner's claims are procedurally defaulted and that all of the claims are meritless. For the following reasons, the Court shall deny the petition.

**I. Background**

Petitioner's convictions arise from the sexual assault of petitioner's stepdaughter, L.F. He was tried before a jury in Wayne County Circuit Court. L.F. testified that, in 2007, when she was nine years old, she lived with her parents, brother and sister in Taylor, Michigan. Her mother left home for several months in 2007. During that time period, the house was dirty and the

children were not tended to. In May 2007, L.F. and her siblings were taken by police to live with their grandmother. Approximately ten months later, L.F. told her grandmother that sometimes in the middle of the night her stepfather woke her, took her out of her bedroom, and made her put her mouth on his private parts. L.F. testified that this happened more than once but could not recall the precise dates when this occurred or specifically how many times. She also testified that he penetrated her "private part" with his "private part" and that this was painful. 7/23/2008, Tr. at 40, ECF No. 18-6, Pg. ID 348. She testified that this happened more than once, but she did not know how many times.

Sharon Lee Sparks, L.F.'s grandmother and petitioner's mother, testified that L.F. and her brother and sister came to live with her on May 29, 2007. In March 2008, L.F. asked to speak to Sparks privately. L.F. then told Sparks that petitioner used to wake her up from time to time in the middle of the night and make her lick his private part. The next morning, Sparks contacted the social worker from Child Protective Services who was handling the children's temporary placement in her home. Sparks took L.F. to Kids Talk for an interview on March 18, 2008, and, the following day, took her to the hospital for an exam.

Petitioner did not present any witnesses in his defense. The jury found him guilty of two counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(a), and one count of second-degree criminal sexual conduct, Mich. Comp. Laws § 750.520c(1)(a). On August 20, 2008, he was sentenced to concurrent prison terms of ten to fifteen years for each first-degree criminal sexual conduct conviction and nine to fifteen years for the second-degree criminal sexual conduct conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals raising the

following claims: (i) the trial court improperly admitted L.F.'s statement to her grandmother; and (ii) the trial court's jury instruction directed a verdict of guilty for second-degree criminal sexual conduct. The Michigan Court of Appeals affirmed petitioner's convictions. *People v. Werstein*, No. 287471, 2009 WL 5194474 (Mich. Ct. App. Dec. 17, 2009). The Michigan Supreme Court denied leave to appeal. *People v. Werstein*, 486 Mich. 904 (Mich. 2010).

Petitioner filed a habeas corpus petition in this Court and, on the same date, filed a motion to stay to allow him to exhaust unexhausted claims in state court. The Court granted the motion to stay.

Petitioner filed a motion for relief from judgment in the trial court, raising the following claims: (i) ineffective assistance of appellate counsel; (ii) the trial court erred in denying request for instruction on assault with intent to commit first-degree criminal sexual conduct; (iii) prosecutorial misconduct; and (iv) violation of Double Jeopardy Clause. The trial court denied the motion. *See* 11/8/11 Order (ECF No. 18-11). Petitioner's applications for leave to appeal were denied by the Michigan Court of Appeals, *People v. Werstein*, No. 309944 (Mich. Ct. App. Oct. 24, 2012), and by the Michigan Supreme Court. *People v. Werstein*, 494 Mich. 854 (Mich. 2013).

Petitioner returned to this Court and filed an amended petition. The Court ordered the case reopened and directed respondent to file an answer, which respondent has done.

Petitioner raises the following claims in his amended petition:

I. Ineffective assistance of trial counsel for failure to object to the admission of hearsay testimony.

II. Trial Court's jury instruction on 2nd degree CSC amounted to a directed verdict of guilt.

III. Ineffective Assistance of Appellate Counsel for failing to raise several issues.
IV. Abuse of discretion by trial judge for denying requested lesser offense

3

instruction of assault with intent to commit 1st Degree CSC.

V. Prosecutorial Misconduct for making disparaging remarks directed at defendant, for making comments on witness credibility with no evidence to support assertion, for violating defendant's Sixth Amendment Right to confrontation by using statement of non-testifying witness.

VI. Conviction of two counts of 1st Degree CSC and one count of 2nd Degree CSC violate both State and Federal protections against Double Jeopardy.

**II. Legal Standard**

Petitioner's claims are reviewed against the standards established by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [United States Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the

writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413). However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. … The state court's application must have been 'objectively unreasonable.'" *Id.* at 520-21 (quoting *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

> Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Harrington*, 562 U.S. at 102-03 (internal quotation and citation omitted).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412. However, this "does not require citation of [Supreme Court] cases - indeed, it does not even require awareness of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). Relatedly, "while the principles of 'clearly established law' are to be determined solely by resort to Supreme Court rulings, the

5

decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007).

Finally, a federal habeas court must presume the correctness of state court factual determinations, *see* 28 U.S.C. § 2254(e)(1), and a petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Only factual determinations that are "objectively unreasonable in light of the evidence presented in the state-court proceeding" will be overturned. *McKinney v. Ludwick*, 649 F.3d 484, 488 (6th Cir. 2011) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)).

## III. Discussion

### A. Claim One: Ineffective Assistance of Trial Counsel

Petitioner's first claims concerns trial counsel's failure to object to the admission of Sparks' testimony as to what L.F. told her because it did not meet the qualifications for hearsay exceptions under Michigan Rules of Evidence 803A or 803(24).

The AEDPA "erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." *Burt v. Titlow*, 571 U.S. 12, 16 (2013). The standard for obtaining relief is "difficult to meet." *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014) (quoting *Metrish v. Lancaster*, 569 U.S. 351, 358 (2013)). In the context of an ineffective assistance of counsel claim under *Strickland v. Washington*, 466 U.S. 668 (1984), the standard is "all the more difficult" because "[t]he standards created by *Strickland* and § 2254(d) are both highly deferential and when the two apply in tandem, review is doubly so." *Harrington*, 562 U.S. at 105 (internal citations and quotation marks omitted). "[T]he question is not whether counsel's actions were reasonable"; but whether "there is any reasonable argument that counsel satisfied *Strickland*'s

6

deferential standard." *Id.*

An ineffective assistance of counsel claim has two components. A petitioner must show that counsel's performance was deficient and that the deficiency prejudiced the defense. *Strickland*, 466 U.S. at 687. To establish deficient representation, a petitioner must demonstrate that counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688. In order to establish prejudice, a petitioner must show that, but for the constitutionally deficient representation, there is a "reasonable probability" that the outcome of the proceeding would have been different. *Id.* at 694. .

The Michigan Court of Appeals held that the hearsay testimony at issue fell under neither Rule 803A's tender years exception nor Rule 803(24)'s catch-all exception. The Michigan Court of Appeals nevertheless found that counsel's performance was not ineffective. The state court reasoned:

> [I]t appears that defense counsel had a reasonable trial strategy for not objecting to the evidence because the limited disclosure made to the grandmother was inconsistent with L.F.'s testimony, which was one of the factors cited by defense counsel as a reason for discrediting L.F.'s testimony. "The fact that defense counsel's strategy may not have worked does not constitute ineffective assistance of counsel." *People v. Stewart*, 219 Mich. App. 38, 42, 555 N.W.2d 715 (1996).

*Werstein*, 2009 WL 5194474, at *1.

The Michigan Court of Appeals' decision that it was sound trial strategy not to object to the admission of Sparks' testimony is a reasonable application of *Strickland*. The inconsistencies between L.F.'s testimony and Sparks' testimony about what L.F. relayed to her, while not monumental, supported the defense argument that L.F.'s story changed over time and was influenced by adults around her. Counsel's strategy, ultimately, may not have discredited L.F., but this does

7

not render his assistance constitutionally ineffective because competent counsel need not be "flawless." *Harrington*, 562 U.S. at 791. It was reasonable for the state court to conclude that counsel's performance was not ineffective. Habeas relief is denied on this claim.

**B. Claim Two: Second-Degree Criminal Sexual Conduct Jury Instruction**

In his second habeas claim, petitioner argues that the jury instruction on second-degree criminal sexual conduct was tantamount to a directed verdict for the prosecution. The Court finds that the claim is procedurally defaulted and that petitioner has not established cause and prejudice to excuse the default. Nor has he shown that failure to consider the claim would work a manifest injustice.

Federal habeas relief is precluded on claims that were not presented to the state courts in accordance with the state's procedural rules. *See Wainwright v. Sykes*, 433 U.S. 72, 85-87 (1977). The doctrine of procedural default is applicable when a petitioner fails to comply with a state procedural rule, the rule is actually relied upon by the state courts, and the procedural rule is "independent of the federal question and adequate to support the judgment." *Walker v. Martin*, 562 U.S. 307, 315 (2011) (internal quotations omitted). Federal courts on habeas review must decide whether a state procedural bar is adequate. That is, the "'adequacy of state procedural bars' . . . is not within the State's prerogative finally to decide; rather, adequacy 'is itself a federal question.'" *Lee v. Kemna*, 534 U.S. 362, 375 (2002) (quoting *Douglas v. Alabama,* 380 U.S. 415, 422 (1965)). "[O]rdinarily, violation of 'firmly established and regularly followed' state rules . . . will be adequate to foreclose review of a federal claim." *Id.* at 376.

The Michigan Court of Appeals found the jury instruction claim waived because, after the court instructed the jury, defense counsel expressed approval of the jury instructions.

8

*Werstein*, 2009 WL 5194474, at *2. The rule that the express approval of a jury instruction constitutes a waiver and extinguishes any objection is firmly established and regularly followed by Michigan state courts. *See Morgan v. Lafler*, 452 F. App'x 637, 646 n.3 (6th Cir. 2011). The Michigan Court of Appeals expressly relied on this rule in reviewing petitioner's claim. Petitioner's challenge to the jury instruction is thus procedurally defaulted unless petitioner shows cause for the default and actual prejudice that resulted from the alleged violation of federal law or that there will be a fundamental miscarriage of justice if the claim is not considered. *Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991).

Petitioner neither alleges nor establishes cause to excuse his default. The Court need not address the issue of prejudice when a petitioner fails to establish cause to excuse a procedural default. *See Smith v. Murray*, 477 U.S. 527, 533 (1986); *Long v. McKeen*, 722 F.2d 286, 289 (6th Cir. 1983).

Additionally, petitioner has not established that a fundamental miscarriage of justice has occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 326-27 (1995). "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998) (citation omitted). "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. Petitioner has made no such showing. This claim, therefore, is procedurally defaulted.

**C. Claim Three: Ineffective Assistance of Appellate Counsel**

Next, petitioner argues that his appellate counsel was ineffective. The Supreme Court has held that a petitioner does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 754 (1983). The Court further stated:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the . . . goal of vigorous and effective advocacy. . . . Nothing in the Constitution or our interpretation of that document requires such a standard.

*Id.* at 754. Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990).

Petitioner claims that appellate counsel was ineffective in failing to raise on direct review the claims the petitioner raised on collateral review and in his habeas petition. As discussed below, petitioner has failed to show that any of these claims were potentially meritorious. Therefore, petitioner cannot show that his appellate attorney was ineffective for failing to raise them on direct appeal. Habeas relief is therefore denied as to this claim.

**D. Claim Four: Lesser Included Offense Instruction**

Petitioner's fourth habeas claim concerns the trial court's denial of his request for a jury instruction on the lesser included offense of assault with intent to commit criminal sexual penetration. Respondent argues that this claim and petitioner's remaining two claims are procedurally defaulted. "[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003). "Judicial economy might counsel giving the [other] question priority, for example, if it were

10

easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." Lambrix v. Singletary, 520 U.S. 518, 525 (1997). In this case, the Court finds that the interests of judicial economy are best served by addressing the merits of petitioner's fourth, fifth, and sixth claims.

The trial court, the last state court to issue a reasoned opinion on this claim, found that the requested instruction was not required under Michigan law. *See* 11/8/2011 Op. at 3-4. The Eighth Amendment and the Due Process Clause require that a trial court instruct the jury on lesser included offenses in the context of a capital case. *See Beck v. Alabama*, 447 U.S. 625, 637-38 (1980) (holding that a trial court is required to instruct on lesser included offenses where the failure to do so would result in the jury being given an "all or nothing" choice of convicting on the capital charge or acquitting the defendant). However, "the Constitution does not requires a lesser-included offense instruction in non-capital cases." *Campbell v. Coyle*, 260 F.3d 531, 541 (6th Cir.2001). As the Sixth Circuit has noted, even where a lesser offense instruction is requested, the failure of a court to instruct on a lesser included or cognate offense in a non-capital case is generally "not an error of such magnitude to be cognizable in federal habeas corpus review." *Bagby v. Sowders*, 894 F.2d 792, 797 (6th Cir.1990) (en banc); *see also, Scott v. Elo*, 302 F.3d 598, 606 (6th Cir. 2002). Because there is no clearly established Supreme Court law requiring that a requested lesser offense instruction be given in the non-capital context, as is required for habeas relief under § 2254(d)(1), habeas relief is denied as to this claim.

### E. Claim Five: Prosecutorial Misconduct

Petitioner next seeks habeas corpus relief based upon the prosecutor's alleged

11

misconduct. Petitioner argues that the prosecutor incorrectly argued in closing statement that L.F.'s trial testimony was entirely consistent with her previous statements to her grandmother, police, and medical personnel; improperly vouched for the credibility of L.F.; referred to petitioner as a "child molester"; and improperly cited a non-testifying medical expert.

The "clearly established Federal law" relevant to a habeas court's review of a prosecutorial misconduct claim is the Supreme Court's decision in *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). *See Parker v. Matthews*, 567 U.S. 37, 44 (2012). In *Darden*, the Supreme Court held that a "prosecutor's improper comments will be held to violate the Constitution only if they 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Id.* (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). This Court must ask whether the state court's decision denying petitioner's prosecutorial misconduct claims "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Parker*, 567 U.S. at 47 (quoting *Harrington*, 562 U.S. at 103).

First, Petitioner argues that the prosecutor engaged in misconduct by characterizing the victim's pretrial statements and her trial testimony as consistent. The last state court to issue a reasoned opinion on this claim held that the prosecutor's argument was a reasonable interpretation of the evidence presented. *See* 11/8/2011 Op. at 9. "Even if the prosecution's conduct was improper or even universally condemned," a federal court on habeas review may grant relief only if "the statements were so flagrant as to render the entire trial fundamentally unfair." *Gillard v. Mitchell*, 445 F.3d 883, 897 (6th Cir. 2006). Even assuming the prosecutor's statement was inaccurate, it was not "so pronounced and persistent that it permeate[d] the entire atmosphere of the

12

trial." *Pritchett v. Pitcher,* 117 F.3d 959, 964 (1997) (internal quotation omitted). Additionally, the trial court correctly cautioned the jurors that what the lawyers said was not evidence. *See United States v. Carter*, 236 F.3d 777, 787 (6th Cir. 2001) ("Ordinarily, a court should not overturn a criminal conviction on the basis of a prosecutor's comments alone, especially where the district court has given the jury an instruction that may cure the error."). Petitioner presents no evidence to suggest that the prosecutor intentionally made any improper statements. The Court therefore concludes that no misconduct occurred in this regard.

Second, petitioner argues that the prosecutor improperly vouched for L.F.'s credibility when she said L.F. had no reason to lie. "Improper vouching occurs when a prosecutor supports the credibility of a witness by indicating a personal belief in the witness's credibility thereby placing the prestige of the [prosecutor's office] behind that witness." *United States v. Trujillo*, 376 F.3d 593, 607 (6th Cir. 2004) (quoting *U.S. v. Martinez*, 253 F.3d 251, 253-54 (6th Cir. 2001)). The prosecutor did not imply that she had some special information about L.F.'s testimony or credibility. Instead, considered in its entirety, the prosecutor's argument asked the jury to consider L.F.'s motives for testifying and the consistency of her testimony. The prosecutor did not ask the jury to convict based upon the prosecutor's special knowledge about her credibility. Instead, she asked the jury to evaluate the witness's credibility based upon the evidence presented. The prosecutor's arguments did not amount to vouching.

Third, petitioner argues that the prosecutor committed misconduct by referring to him as a "child molester." The trial court denied this claim on collateral review finding that prosecutors are afforded wide latitude during closing argument and the prosecutor was simply arguing reasonable inferences from the testimony presented. *See* 11/8/2011 Op. at 9. It is clearly

13

inappropriate for a prosecutor to make personal attacks on a defendant or defense counsel. *See, e.g., United States v. Collins*, 78 F.3d 1021, 1040 (6th Cir. 1996). "[P]rosecutors can argue the record, highlight the inconsistencies or inadequacies of the defense, and forcefully assert reasonable inferences from the evidence." *Bates v. Bell*, 402 F.3d 635, 646 (6th Cir. 2005). However, "counsel cannot misstate evidence." *United States v. Carter*, 236 F.3d 777, 784 (6th Cir.2001). "[T]he use of . . . colorful pejoratives is not improper," so long as the pejorative used is supported by the evidence. *United States v. Fields*, 483 F.3d 313, 360-61 (5th Cir. 2007). In the present case, the prosecutor's reference to petitioner as a "child molester" was a reasonable inference based upon the evidence presented. Petitioner has failed to demonstrate that the prosecutor's argument was improper or that it rendered his trial fundamentally unfair.

Finally, petitioner argues that the prosecutor improperly referenced a non-testifying medical expert's opinion when she stated that in 85 percent of girls who were victims of known sexual abuse, the physical examination is normal. The state court held that any error was harmless. *See* 11/8/2011 Op. at 9-10. The prosecutor's statement was not "so pronounced and persistent that it permeate[d] the entire atmosphere of the trial." *Pritchett v. Pitcher*, 117 F.3d 959, 964 (1997) (internal quotation omitted). Additionally, as noted above, the trial court correctly cautioned the jurors that what the lawyers said was not evidence. The Court concludes that the state court's decision constituted a reasonable application of established Supreme Court precedent.

**F. Claim Six: Double Jeopardy Clause**

Finally, petitioner argues that his convictions for two counts of first-degree criminal sexual conduct and one count of second-degree criminal sexual conduct violate the Double Jeopardy Clause.

14

The Double Jeopardy Clause of the Fifth Amendment provides: "No person . . . shall . . . be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. Amend. V. This clause protects defendants from three basic harms: second prosecution for the same offense after acquittal, second prosecution for the same offense after conviction, and multiple punishments for the same offense. *See Brown v. Ohio*, 432 U.S. 161, 165 (1977). When multiple convictions are secured at a single trial, the test for determining whether two offenses are sufficiently distinguishable to permit the imposition of cumulative punishment is set forth in *Blockburger v. United States*, 284 U.S. 299, 304 (1932). "The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not." *Id.* "[T]he test established in *Blockburger* focuses on the statutory elements of the two crimes with which a defendant has been charged, not on the proof that is offered or relied upon to secure a conviction. . . . If each [offense] requires proof of a fact that the other does not, the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes." *United States v. Barrett*, 933 F.2d 355, 360-61 (6th Cir.1991) (internal citations and quotes omitted). The Double Jeopardy Clause is not violated merely because the same evidence is used to establish more than one statutory violation. *See United States v. Dixon*, 509 U.S. 688, 696 (1993).

In the present case, as the state court held in its opinion denying petitioner's motion for relief from judgment, the multiple punishments were not based upon the same conduct. *See* 11/8/2011 Op. (ECF No. 18-11). Each count of criminal sexual conduct on which petitioner was convicted was based upon separate, distinct conduct. Petitioner's multiple acts of abuse supported

15

the separate convictions. No double jeopardy violation occurred.

**IV. Certificate of Appealability**

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings requires that a court "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In the present case, the Court concludes that reasonable jurists would not debate the conclusion that the petition does not state a claim upon which habeas relief may be granted. Therefore, the Court shall not issue a certificate of appealability.

**V. Conclusion**

For the reasons stated above,

IT IS ORDERED that petitioner's application for a writ of habeas corpus is denied.

IT IS FURTHER ORDERED that no certificate of appealability shall issue.

IT IS FURTHER ORDERED that petitioner may not proceed on appeal in forma pauperis, as any appeal in this matter would be frivolous.


Dated: April 25, 2018           s/Bernard A. Friedman
Detroit, Michigan             BERNARD A. FRIEDMAN
                                       SENIOR UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 25, 2018.

                                         s/Johnetta M. Curry-Williams
                                         Case Manager